BROCKENBROUGH, J.,
delivered the opinion of the court. The court has reviewed its decision upon the same point, at November term 1828, in the case of the administration of Robert Robinson’s estate. In that case, the hustings court of Richmond had granted administration to Scott, of the estate of Robinson, who lived and died in Canada: it was proved, that a debtor of Robinson lived in Middlesex, but that there was no estate in the city of Richmond, nor any debt due him there; and this court decided, that the grant of administration by the hustings court of Richmond was void, and proceeded to commit administration to the sheriff of Middlesex. In the case now before us, it was contended, 1. that the non-residence of Barker, the applicant, was an ^objection to the grant of administration to him; and 2. that the grant to Duval was not void, but voidable only, and that till it was revoked, administration could not be granted to another. As to the first, the court is of opinion, that the applicant being a citizen and resident of another state, furnishes no legal objection. It is a matter of sound discretion. If there were creditors of the deceased in this state, and if the distributees lived in this state, it might be indiscreet and improper to give administration to a non-resident; but where the tacts are otherwise, as in this case, the objection does not lie. As to the second point, the jurisdiction to grant administrations, is conferred by the statute, 1 Rev. Code, ch. 104, 12, 32, p. 377, 382. The circuit and county courts have jurisdiction to grant administrations within certain limits. If they transcend those limits, they have no jurisdiction. The place of residence of the intestate, gives jurisdiction to the local courts: if he had no known place of residence, then the place of his death gives jurisdiction, or the place where his estate lies. In this case, the intestate resided in Cabell county, and died there: the circuit or county court of Cabell had jurisdiction, but not the courts of Henrico, although he had estate there. It would have been different if the intestate had resided and died out of the state. The court of Henrico not having jurisdiction, the grant was a mere nullity. Toller’s law of ex’ors, B. 2, ch. 3, § 8, p. 120; Blackborough v. Davis, 1 Salk. 38, 1 P. Wms. 44, S. C. Griffith v. Frazier, 8 Cranch, 1. See also Piggot’s case, 5 Co. 29, b. The statute gives this court jurisdiction to grant administration in any case. Administration of the decedent’s estate is granted to Barker.
SEMPLE and MAY, J., dissented.